UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,            ) | |
|     Plaintiff,            ) | |
|                 ) | |
| vs.            ) | 1:07-mc-210- DFH-TAB |
|             ) | |
| TECHNOLOGY ENTERPRICES, LLC;            ) | |
| JAMES CRAGHEAD; SECURITY CLUB;            ) | |
| JOHN DOES 1-7,            ) | |
|     Defendants.            ) | |

## ORDER ON MOTION TO QUASH AND REQUEST FOR PROTECTIVE ORDER

This discovery matter stems from an underlying copyright infringement suit filed in Florida by Microsoft Corporation ("Microsoft"), which alleges Defendants have imported and distributed in the United States software licensed exclusively for educational users in Egypt in violation of U.S. copyright law. As part of this litigation, Microsoft subpoenaed JP Morgan Chase N.A. ("Chase") for "all documents from August, 2004 through the present that refer or relate to account no. 07909962; James Craghead; Jim Craghead; Technology Enterprises, LLC; Security Club; 20 St. George Place, Palm Beach Gardens, FL 33418; 3899 Parkview Drive, Salt Lake City, UT 84124; and 9 Al-Amar Tower, Sahah, Cairo, Egypt." [Docket No. 2 at 3.] While this litigation is pending in the United States District Court Southern District of Florida, Microsoft issued the subpoena in question from the United States District Court Southern District of Indiana because the subpoena processing unit for Chase is based in Indianapolis. Defendants filed a motion to quash the subpoena or, in the alternative, issue a limited protective order as to the information sought by the subpoena. [Docket No. 1.] The parties dispute whether Defendants have standing to object to the subpoena, whether the bank records subpoenaed are

relevant to the underlying dispute, and the terms of a potential protective order and how they should be decided.

As a preliminary matter, Microsoft argues that Defendants do not have standing to move to quash the subpoena because "[o]rdinarily, a person other than that against whom the subpoena was issued, lacks standing to move to quash the subpoena." [Docket No. 7 at 2 (quoting *Sterling Merchandising, Inc. v. Nestle, S.A.*, 470 F. Supp. 2d 77, 81 (D.P.R. 2006).] This argument lacks merit. "A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). The bank account subject to the subpoena belongs to Defendant Technology Enterprises, LLC, who clearly has a legitimate interest in the account. Thus, at the very least Defendant Technology Enterprises has standing to move to quash the subpoena.

The parties also dispute whether the bank account subject to the subpoena is relevant. Federal Rule of Civil Procedure 26 permits discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1); *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 930 (7th Cir. 2004). Likewise, regarding subpoenas to nonparties, "[t]he scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." *Graham v. Casey's Gen. Store, Inc.*, 206 F.R.D. 251, 253 (S.D. Ind. 2002).

Defendants argue the account information is not relevant because the claims against them have no merit; the transactions Microsoft cites as a basis for subpoenaing the information are unrelated to the pending litigation; and Microsoft's claims that it hopes to learn of other

2

infringers through the bank records are not supported by any allegations.  Microsoft says the bank account information is relevant because it contains funds from at least two known infringers of Microsoft software—WinMicro Technologies and Alice Wang; the information will reveal other traffickers infringing its software; and the amount of money Technology Enterprises has received is relevant to a disgorgement remedy sought and to whether the alleged infringements in the underlying suit is willful under the Copyright Act.

Given that the Southern District of Florida has granted Microsoft's motion for preliminary injunction, [*see* Docket No. 15, Ex. A], Microsoft's claims against Defendants at least  potentially have some merit.  This does not necessarily mean, however, that the requested information is relevant to the lawsuit.  While it is interesting that the account from which Microsoft seeks information has been used in transactions with known infringers of Microsoft software, Microsoft is not entitled to this information on that basis alone.  If that were the case, Microsoft could subpoena such confidential information from any entity ever known to have dealings with any infringers, regardless of whether there is any other basis for an allegation or suit against the entity.  But while the subpoena is addressed to a non-party, the account belongs to Defendant Technology Enterprises, and its contents may lead to relevant information regarding the transactions alleged in the complaint of the underlying suit or other similar such transactions.  Microsoft is entitled, at least to some degree, to this discovery.  Therefore, Defendants' motion to quash is denied.

Defendants argue in the alternative that discovery of the bank account should be subject to a protective order that limits "the discovery to the two transactions Microsoft claims give rise to its action and be redacted of any information not relevant to the threshold question under

[<u>Quality King Distrib. v. L'Anza Research Int'l, Inc.</u>, 523 U.S. 135, 142-44 (1998)]." [Docket No. 2 at 7.]  In support of this argument Defendants emphasize the privacy of banking records as demonstrated by case law and by the Gramm-Leach-Bliley Act.  [Docket No. 2 at 4-5, 7.]  Microsoft does not contest that the banking records are confidential, but argues the protective order Defendants seek is far too limited, noting that it proposed a different protective order to Defendants in the underlying suit for which it received no substantive response.  Microsoft also suggests that the Southern District of Florida is in a better position to address this issue.

Given that both parties agree that a protective order is necessary, the parties shall cooperate in good faith to agree upon the terms of such an order.  In the event they are unable to do so, the Court agrees that the Southern District of Florida—which is more familiar with the underlying issues in the case and thus the degree to which evidence in the case is relevant—is in a better position to resolve any remaining disputes regarding the specific terms of the protective order.

In sum, the Court denies Defendants' motion to quash [Docket No. 1].  The parties shall cooperate in good faith to resolve the terms of the protective order.  If unable to do so, the parties shall submit any remaining disputes to the Southern District of Florida.

Dated:  02/13/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Gustavo A. Bravo
HOLLAND & KNIGHT LLC
One East Broward Blvd.
Suite 1300
Fort Lauderdale, FL 33301
(954) 525-1000
Fax: (954) 463-2030

Jeremy E. Roller
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue
Suite 2500
Seattle, WA 98104
(206) 516-3800
Fax: (206) 516-3888

John H. Jamnback
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue
Suite 2500
Seattle, WA 98104
(206) 516-3800
Fax: (206) 516-3888

Richard C. Hutchison
HOLLAND & KNIGHT LLP
One East Broward Blvd.
Suite 1300
Fort Lauderdale, FL 33301
(954) 525-1000
Fax: (954) 463-2030

Scott T. Wilsdon
YARMUTH WILSDON CALFO PLLC
925 Fourth Avenue
Suite 2500
Seattle, WA 98104
(206) 516-3800
Fax: (206) 516-3888

Curtis L. Wenger
175 East 400 South
Suite 900
Salt Lake City, UT 84111
(801) 578-3281
Fax: (801) 355-3351